AO 442 (Rev. 11/11) Arrest Warrant

FILED BY ___KS___ D.C.
Nov 18, 2021
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - Miami

# UNITED STATES DISTRICT COURT
for the
District of Arizona

United States of America
v.
Webster Batista Fernandez
aka Webster Batista
aka Eniel Gaetan Hernandez
aka Yenddi

Defendant

Case No. CR-21-00955-PHX-DLR

**SEALED**

## ARREST WARRANT

To:   Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay

(name of person to be arrested)   Webster Batista Fernandez                                           ,
who is accused of an offense or violation based on the following document filed with the court:

☑ Indictment    ☐ Superseding Indictment    ☐ Information    ☐ Superseding Information    ☐ Complaint
☐ Probation Violation Petition    ☐ Supervised Release Violation Petition    ☐ Violation Notice    ☐ Order of the Court

This offense is briefly described as follows:

18: 371 - Conspiracy
18:1343 - Wire Fraud
18:1957(a) - Money Laundering
18:1028A(a)(1) - Aggravated Identity Theft

Date:   11/17/2021

_____
Issuing officer's signature

City and state:   Phoenix, Arizona

M. Pruneau, Deputy Clerk
Printed name and title

cc: PTS

| Return |
|---|
| This warrant was received on (date) _____, and the person was arrested on (date) _____ at (city and state) _____. |
| Date: _____     _____ Arresting officer's signature    _____ Printed name and title |

GLENN B. McCORMICK
Acting United States Attorney
District of Arizona

RAYMOND K. WOO
Arizona State Bar No. 023050
SETH T. GOERTZ
Arizona State Bar No. 031645
Assistant United States Attorneys
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: raymond.woo@usdoj.gov
       seth.goertz@usdoj.gov
Attorneys for Plaintiff

FILED / RECEIVED / LODGED / COPY
NOV 16 2021
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

SEALED

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>            Plaintiff,<br><br>    vs.<br><br>1. Webster Batista Fernandez,<br>    a.k.a. Webster Batista<br>    a.k.a. Eniel Gaetan Hernandez<br>    a.k.a. Yenddi<br>    Counts 1-30<br><br>2. Jose Teran,<br>    a.k.a. Jose Medina<br>    a.k.a. Jose Manuel Medina Teran<br>    a.k.a. Chanel<br>    Counts 1-30<br><br>            Defendants. | No.  CR-21-00955-PHX-DLR (MTM)<br><br>**INDICTMENT**<br><br>VIO:  18 U.S.C. § 371<br>(Conspiracy)<br>Count 1<br><br>18 U.S.C. § 1343<br>(Wire Fraud)<br>Counts 2-16<br><br>18 U.S.C. § 1957(a)<br>(Money Laundering)<br>Counts 17-23<br><br>18 U.S.C. § 1028A(a)(1)<br>(Aggravated Identity Theft)<br>Counts 24-30<br><br>18 U.S.C. § 981(a)(1)(C)<br>18 U.S.C. § 982(a)(1)<br>28 U.S.C. § 2461(c)<br>Forfeiture Allegations |

**THE GRAND JURY CHARGES:**

At all times material to this indictment, within the District of Arizona and elsewhere:

**INTRODUCTION**

1.      Beginning in 2016 and continuing to the present, WEBSTER BATISTA

FERNANDEZ ("BATISTA") and JOSE MEDINA TERAN ("TERAN") monetized music they have no lawful rights to monetize or otherwise control. In short, BATISTA and TERAN, as individuals and through various entities that they operate and control, fraudulently claimed to have the legal rights to monetize a music library of more than 50,000 songs. BATISTA and TERAN perpetrated their fraud by falsely representing to Y.T., and to A.R., an intermediary company responsible for enforcing their musical library, that they were the owners of a wide swath of music and that they were entitled to collect any resulting royalty payments. As a result of their fraudulent representations, BATISTA, TERAN, and other unindicted co-conspirators, have reaped royalty payments of more than $20,000,000.00.

2. BATISTA is an individual and citizen of Dominican Republic. BATISTA is the President of Musika Inc. LLC, CEO of MediaMuv LLC, and the member and statutory agent of Elegre Records LLC.

3. TERAN is an individual and resident of Arizona. TERAN is the registered agent and manager of Musika Inc LLC, a member and statutory agent of VA Music Inc, a member of MediaMuv LLC, and the owner of MuveMusic LLC.

4. On or about April 21, 2017, BATISTA and TERAN—through the entity MediaMuv LLC—entered into a contract with the company A.R., an entity that administers Y.T. royalty payments and makes disbursements to those who claim to own music assets. In its contract, MediaMuv represented that it "(iii) is the writer, author, publisher, copyright holder, and creator" of a large volume of musical content.

5. MediaMuv further represented that "all Content it delivers to either [A.R.] or the [Y.T.] [Content Management System]¹ has not, does not, and will not at any time infringe on the rights of any third parties including but not limited to copyrights, Trademarks, rights to privacy, commercial use of names and likeness."

6. In that same provision, MediaMuv also agreed that if it "knows or suspects

---

[1] The content management system ("CMS") is Y.T.'s program that allows a third party to upload content onto Y.T., and to manage that content.

that any part of the Content is not cleared for commercial use and monetization . . . [it would] not deliver it to either [A.R.] or the [Y.T.] CMS. [MediaMuv] must have the permission of any authors of Copyrighted Works included in the Content."[2]

7. After entering its contract with A.R.—and thereby claiming to have the permission of every copyrighted work in its 50,000+ musical catalog—MediaMuv's claimed music was uploaded to, and tagged in, Y.T. A.R. was then responsible for enforcing MediaMuv's content claims and facilitating all resulting royalty payments from Y.T. to MediaMuv.

8. In total, from sometime in 2017, through at least April 30, 2021, A.R. provided music-based royalty payments to Defendants in the amount of $20,776,517.31. These royalty payments were solely derived from music MediaMuv fraudulently claimed to own.

9. Of the 30 highest-grossing artists whose royalties were paid to MediaMuv, not a single artist or their authorized representatives received any money:

| ARTIST | Royalty Payments From A.R. to MediaMuv (2016-Qtr 1 of 2020) | Payments that Defendants and/or Their Entities Made to Artist |
|---|---|---|
| J.L.P. | $132,702.45 | $0.00 |
| L.C. | $128,339.65 | $0.00 |
| C.P. | $102,626.84 | $0.00 |
| G.L. | $101,289.09 | $0.00 |
| E.P. | $87,651.36 | $0.00 |

---

[2] The contract defined "content" as "audiovisual (films, television broadcasts, and videos) and/or audio only assets (including sound recordings and music compositions) delivered to [A.R.] and/or Y.T. CMS and all associated meta-data including the names, likenesses, trademarks and trade names in all such media and metadata."

- 3 -

| | | |
|---|---|---|
| V.C. | $87,073.90 | $0.00 |
| G.J. | $86,594.97 | $0.00 |
| N.R. | $85,850.19 | $0.00 |
| H.A. | $81,138.79 | $0.00 |
| R. | $78,667.47 | $0.00 |
| Z.F. | $78,664.79 | $0.00 |
| V.E. | $78,504.93 | $0.00 |
| A.M. | $77,412.82 | $0.00 |
| T.D.L.S. | $71,755.62 | $0.00 |
| E.M. | $71,076.88 | $0.00 |
| G.B. | $68,995.53 | $0.00 |
| G.M. | $66,544.97 | $0.00 |
| L.D.D.T. | $65,453.65 | $0.00 |
| L.I.D.N. | $56,127.42 | $0.00 |
| G.L. | $55,396.12 | $0.00 |
| M.H. | $51,474.76 | $0.00 |
| C.G. | $49,550.46 | $0.00 |
| L.R. | $49,168.81 | $0.00 |
| R.A. | $48,453.66 | $0.00 |
| L.A. | $42,573.24 | $0.00 |
| G.N. | $37,696.78 | $0.00 |

| L.A. | $33,847.50 | $0.00 |
| --- | --- | --- |
| A. | $27,347.83 | $0.00 |
| S. | $26,015.88 | $0.00 |

## COUNT 1
## CONSPIRACY
## (18 U.S.C. § 371)

10. Beginning as early as in or about November 2016, and continuing to the present, in the District of Arizona and elsewhere, Defendants BATISTA, TERAN, and others known and unknown to the Grand Jury, did knowingly combine, conspire, confederate and agree with other persons known and unknown to the Grand Jury to commit the following offenses against the United States:

   a. Wire Fraud, in violation of 18 U.S.C. § 1343;

   b. Money Laundering, in violation of 18 U.S.C. § 1957(a); and

   c. Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A(a)(1).

## SCHEME TO DEFRAUD
## AND OBJECT OF THE CONSPIRACY

11. BATISTA, TERAN, and others, knowingly and intentionally devised a scheme and artifice to defraud through materially false and fraudulent pretenses, promises, representations, and material omissions. Through this scheme, Defendants falsely claimed to own the legal rights to tens of thousands of songs and then reaped music-based royalty payments for those songs from Y.T. Defendants would use the identities of certain musicians or persons to facilitate their scheme. Payments to Defendants were made by interstate wire transactions and sometimes funneled through shell companies. Defendants engaged in monetary transactions in excess of $10,000 and used the fraudulent proceeds to purchase high-end items such as cars, jewelry, and properties.

## MANNER AND MEANS

12. The manner and means the Defendants and others used to achieve the objects of the conspiracy and the scheme and artifice to defraud, include the following:

   a. Submitting false representations to Y.T. and other third parties that

       Defendants and/or their entities had the legal rights to monetize certain music;

b. Engaging a third party to enforce their fraudulent claims to ownership for the purpose of maximizing royalty payments;

c. Intentionally depriving artists, musicians, and record labels of the music-based royalties to which they were entitled;

d. Unlawfully using the identities of others to facilitate the scheme;

e. Conducting monetary transactions of the fraudulent proceeds in excess of $10,000; and

f. Retaining the proceeds of their fraudulent misrepresentations.

**OVERT ACTS**

13. In furtherance of the aforesaid conspiracy, and to achieve the objects of the conspiracy, Defendants, and others known and unknown to the Grand Jury, committed or caused to be committed the following overt acts in the District of Arizona, and elsewhere:

a. On or about February 13, 2017, an email from mediamuvtv@hotmail.com was sent to a Y.T. support email account. "[M]ediamuvtv@hotmail.com" is registered to BATISTA. The email claimed to represent 50,000+ songs and requested access to Y.T.'s content management system ("CMS").

b. On or about February 28, 2017, TERAN and BATISTA jointly opened an account at Bank of America, ending in 7371 and 7384 in the name of MediaMuv LLC.

c. On or about February 28, 2017, MediaMuv LLC was registered with the Arizona Corporation Commission as a business. TERAN was listed as a member of MediaMuv LLC.

d. On or about March 26, 2017, a conspirator using "contact@mediamuv.com"—an email address used and controlled by MediaMuv—delivered the song "Viernes Sin Tu Amor" to A.R. for eventual upload on the Y.T. platform. Since March of 2017, Defendants have

received more than $24,000 in royalty payments for this song.

e. On or about April 11, 2017, a conspirator using contact@mediamuv.com delivered the song "La Quise Tanto" to A.R. for eventual upload on the Y.T. platform. Since April of 2017, Defendants have received more than $30,000 in royalty payments for this song.

f. On or about April 11, 2017, an email from contact@mediamuv.com was sent to A.R. The email informed A.R. about a change of address for MediaMuv and was purportedly from J.P.

g. On or about April 13, 2017, MediaMuv electronically entered into a Content Identification and Management Agreement and Sound Recording and Audiovisual Content License with Y.T.

h. On or about April 21, 2017, MediaMuv entered into a CMS Administration Agreement ("Y.T. Agreement") with A.R. The Y.T. Agreement authorized A.R. to administer MediaMuv's purported music catalog on the Y.T. platform. This included receiving royalty payments for all songs played or otherwise monetized.

i. On or about April 29, 2017, an email from contact@mediamuv.com was sent to Y.T. The email provided contact@mediamuv.com as the CMS email and was purportedly from J.P.

j. On or about May 4, 2017, A.R., acting at the direction of the conspirators, sent an email to Y.T. requesting that Y.T. allow A.R. to bulk clear potential copyright conflicts from MediaMuv's entire music catalog.

k. On or about May 4, 2017, MediaMuv delivered the song "Me Llamas" to the Y.T. web uploader and falsely claimed to own the rights to receive royalty payments for this song. Since the upload, Defendants have obtained more than $100,000 in royalty payments from this song.

l. On or about May 14, 2017, Y.T. sent an email to copyright@mediamuv.com. Y.T. email's confirmed that J.P. had purportedly claimed, under penalties of

perjury, that MediaMuv owned "Mi Regalo De Dios-13387."

m. On or about May 15, 2017, Y.T. sent an email to copyright@mediamuv.com. Y.T. email's confirmed that J.P. had purportedly claimed, under penalties of perjury, that MediaMuv owned "Quien Te Dijo Eso -Nativo Feat Tumeyker."

n. On or about August 17, 2017, $546,000 was transferred to an account in the name of O.B. from an Elegre Records bank account.

o. On or about October 11, 2017, a $129,579.95 payment was made to Tesla motors from an Elegre Records bank account.

p. On or about October 12, 2017, BATISTA obtained a Pennsylvania identification card in the name of Eniel Gaetan Hernandez.

q. On or about December 5, 2017, a $92,754.80 payment was made to Beverly Hills BMW from an Elegre Records bank account.

r. On or about December 14, 2017, a $62,500 payment was made to "El Russo" jewelers from an Elegre Records bank account.

s. On or about January 10, 2018, TERAN, using email jmedina@mediamuv.com, sent an email to A.R. In the email, TERAN claimed to have new content to upload.

t. On or about January 29, 2018, TERAN, using email jmedina@mediamuv.com, responded to A.R.'s offer to assist in uploading new content. TERAN refused the assistance and requested full access to the Y.T. CMS account.

u. On or about April 24, 2018, an email from jmedina@mediamuv.com was sent to A.R. requesting a change in the deposit of royalty payments from a Bank of America account in the name of "Elegre Records LLC" to a Bank of America account under the name of "Eniel Gaetan Hernandez" (xxxxxxx7569). The email was purportedly sent by J.P. On or about April 30, 2018, A.R. sent a deposit of $314,308.01 in royalty proceeds to the Eniel Gaetan Hernandez Bank of America account xxxxxxx7569.

v. On or about May 22, 2018, a third-party complainant, D.H., contacted A.R. via email. D.H. insisted that A.R. provide copyright reporting and royalty payments for music-based copyrights that MediaMuv was infringing. TERAN later responded by reaffirming MediaMuv's fraudulent claims: "Any issue that D.H. have with our content, he can email me directly, we will not issue any revenue share to him or anyone just because he say he has the right to, we have contracts, and if he have doubts we can keep discussing this in front of a federal judge thanks."

w. On or about May 22, 2018, TERAN, using email jmedina@mediamuv.com, sent an email to A.R. TERAN asked A.R. not to respond to a complaint from a third-party company regarding copyright infringement.

x. On or about May 23, 2018, a Bank of America account ending in 6280 was opened for MediaMuv LLC. TERAN and Eniel Gaetan Hernandez were listed as the authorized signers.

y. On or about May 23, 2018, TERAN requested that A.R. change the bank account information back to the Bank of America account for "Elegre Records LLC" (account xxxxxx2321). As a result, on May 31, 2019, A.R. deposited $374,726.38 in royalty proceeds to the Elegre Records LLC, Bank of America account.

z. On or about June 29, 2018, $220,000 was transferred to an account controlled by BATISTA from an Elegre Records bank account.

aa. On or about January 9, 2019, TERAN registered Musika Ink LLC in the state of Florida.

bb. On or about January 31, 2019, $85,818 was transferred to an account controlled by TERAN from an Elegre Records bank account.

cc. On or about February 11, 2019, an email from jmedina@mediamuv.com requested that A.R. update its bank account information for future royalty deposits to a Bank of America account in the name of "Loris Cleaning LLC"

(xxxxxxx3973). On or about February 28, 2019, A.R. sent a deposit of $470,675.58 in royalty proceeds to the Lori's Cleaning LLC, Bank of America account.

dd. On or about August 20, 2019, TERAN registered MuveMusic LLC with the Arizona Corporation Commission.

ee. On or about August 22, 2019, TERAN requested that A.R. deposit future royalty payments into a Chase Bank account in the name of MuveMusic LLC (xxxxx7351). On or about September 30, 2019, A.R. wired a deposit of $607,752.08 in royalty proceeds to the MuveMusic LLC, Chase Bank account.

ff. On or about April 3, 2020, $486,902.76 was transferred to Xpace World Music from a MuveMusic account.

All in violation of 18 U.S.C. § 371.

## COUNTS 2-16
## WIRE FRAUD
## (18 U.S.C. § 1343)

14. Each of the foregoing allegations are incorporated by reference and re-alleged as though fully set forth herein.

15. Beginning by at least November 2016 and continuing to the present, in the District of Arizona and elsewhere, Defendants BATISTA and TERAN, individually and doing business under the entities described above, along with other individuals and entities known and unknown to the Grand Jury, knowingly and willfully devised and intended to devise the above-described scheme and artifice to defraud for the purpose obtaining money and property by means of materially false and fraudulent pretenses and representations, and by the concealment and omission of material facts.

16. On or about the dates listed below, and with each transmission constituting a separate count, Defendants, for the purpose of executing the scheme and attempting to do so, caused signals and sounds to be transmitted by means of wire communication in interstate commerce:

| Count | On or About Wire Date | Transmission Method (From) | Recipient | Transmission Description |
|---|---|---|---|---|
| 2 | 2/13/17 | Email (mediamuvtv@hotmail.com) | Y.T. (yt-partner-support@[xxxxx].com) | Email claiming that MediaMuv owns 50,000+ songs, signed by O.L. |
| 3 | 4/11/17 | Email (J.P. - content@mediamuv.com) | A.R. | Email purportedly from J.P. that requested a change of address for MediaMuv. |
| 4 | 4/11/17 | Electronic Transmission (contact@mediamuv.com) | A.R. | MediaMuv provided A.R. with the song "La Quise Tanto" for uploading to the YouTube platform. |
| 5 | 4/21/17 | Email (nxxx@xxxxx.net) | TERAN (jmedina@mediamuv.com) | Fully executed copy of Y.T. CMS Administration Agreement between MediaMuv and A.R. |
| 6 | 4/29/17 | Email (content@mediamuv.com) | Y.T. | Email purportedly from J.P. to provide a contact email for CMS. |
| 7 | 5/4/17 | Electronic Transmission (MediaMuv) | Y.T. | Uploading and claiming the song "Me Llamas," by J.L.P., to Y.T. |
| 8 | 5/5/17 | Electronic Transmission (MediaMuv/A.R.) | Y.T. | Uploading and claiming C.V.'s music. |
| 9 | 5/4/17 | Email (nxxx@xxxxx.net) | Y.T. (aXXXX@XXXXXe.com; contact@mediamuv.com; jXXXX@XXXXX.net; yt- | Email from A.R. on behalf of MediaMuv requesting that YouTube allow bulk clearing of any potential copyright conflicts. |

- 11 -

| | | | XXXXXmedia@XXXXX.com | |
|---|---|---|---|---|
| 10 | 5/14/17 | Email (Y.T.) | copyright@mediamuv.com | Y.T. email confirming J.P. purported affirmation, under penalties of perjury, that MediaMuv owned "Mi Regalo De Deios-13389." |
| 11 | 5/15/17 | Email (Y.T.) | copyright@mediamuv.com | Y.T. email confirming J.P. purported affirmation, under penalties of perjury, that MediaMuv owned "Quien Te Dijo Eso- Nativo Feat Tumeyker." |
| 12 | 4/24/18 | Email (J.P. - jmedina@mediamuv.com) | A.R. nXXX@XXXXX.net | Email purportedly from J.P. that requested A.R. to send future deposits to Eniel Gaetan Hernandez. |
| 13 | 5/23/18 | Email (jmedina@mediamuv.com) | A.R. VP of Finance pxxxx@xxxxx.net | TERAN emailed A.R. requesting that all royalty payments be directed to a bank account in the name of Elegre Records LLC. |
| 14 | 5/31/18 | Wire Transfer (A.R.) | MediaMuv | Royalty payment in the amount of $374,726.38. |
| 15 | 8/22/19 | Email (jmedina@mediamuv.com) | A.R. VP of Finance pxxxx@xxxxx.net | TERAN emailed A.R. requesting that all royalty payments be directed to a new bank account in the name of MuveMusic LLC. |
| 16 | 9/30/19 | Wire Transfer (A.R.) | MediaMuv | Royalty payment in the amount of $607,752.08. |

All in violation of 18 U.S.C. § 1343.

## COUNTS 17-23
## TRANSACTIONAL MONEY LAUNDERING
## (18 U.S.C. § 1957(a))

17. Each of the foregoing allegations are incorporated by reference and re-alleged as though fully set forth herein.

18. On the dates listed below, Defendants BATISTA and TERAN, individually and doing business under the entities described above, along with other individuals and entities known and unknown to the Grand Jury, knowingly engaged and attempted to engage in the following monetary transactions in the United States in criminally derived property of a value exceeding $10,000, derived from specified unlawful activity, namely the violation of 18 U.S.C. § 1343 (wire fraud), with each instance being a separate count under this indictment:

| Count | On or about Date of Transaction | Transaction Amount | Financial Institution | Description of Transaction |
|---|---|---|---|---|
| 17 | 8/17/17 | $546,000.00 | Bank of America | Transfer from Elegre Records Bank of America account to a bank account in the name of O.B. Amount of transfer was applied to purchase of O.B.'s residence on September 2, 2017. |
| 18 | 10/11/17 | $129,579.95 | Bank of America | Payment from Elegre Records Bank of America account to Tesla motors for purchase of a 2017 Tesla. |
| 19 | 12/5/17 | $92,754.80 | Bank of America | Payment from Elegre Records Bank of America account to Beverly Hills BMW for purchase of a 2014 BMW i8. |
| 20 | 12/14/17 | $62,500.00 | Bank of America | Payment from Elegre Records Bank of America account to jeweler "El |

| | | | | Russo" for BATISTA's purchase of jewelry. |
|---|---|---|---|---|
| 21 | 6/29/18 | $220,000.00 | Bank of America | Transfer of March 2018 royalties from Elegre Records Bank of America account to BATISTA'S nominee account. |
| 22 | 1/31/19 | $85,818.00 | Bank of America | Transfer of October 2018 royalties from Elegre Records Bank of America account to TERAN'S nominee account. |
| 23 | 4/3/20 | $486,902.76 | JP Morgan Chase | Transfer of March 2020 royalties from a MuveMusic Chase account to Xpace World Music, a BATISTA entity. |

All in violation of 18 U.S.C. § 1957(a).

### COUNTS 24-30
### AGGRAVATED IDENTITY THEFT
### (18 U.S.C. § 1028A(a)(1))

19. Each of the foregoing allegations are incorporated by reference and re-alleged as though fully set forth herein.

20. On or about the dates below, in the District of Arizona, Defendants BATISTA and TERAN, did knowingly transfer, possess, use, without lawful authority, a means of identification of another person during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), to wit: Wire Fraud in violation of 18 U.S.C. § 1343, knowing that the means of identification belonged to another actual person.

| Count | On or About Date | Identity | Manner in which the Identity Was Utilized |
|---|---|---|---|
| 24 | 4/11/17 | J.P. | Defendants used J.P.'s identity in an email to offer the false appearance that J.P. was an employee of MediaMuv. |
| 25 | 4/29/17 | J.P. | Defendants used J.P.'s identity in an email to offer the false appearance that J.P. was an employee of |

- 14 -

| | | | MediaMuv. |
|---|---|---|---|
| 26 | 5/4/17 | J.L.P. | Used J.L.P.'s identity in claiming his music. |
| 27 | 5/5/17 | C.V. | Used C.V.'s identity in claiming his music. |
| 28 | 5/14/17 | J.P. | Defendants used J.P.'s identity to make a false claim for music. |
| 29 | 5/15/17 | J.P. | Defendants used J.P.'s identity to make a false claim for music. |
| 30 | 4/24/18 | J.P. | Defendants used J.P.'s identity in an email to offer the false appearance that J.P. was an employee of MediaMuv. |

All in violation of 18 U.S.C. § 1028A(a)(1).

## FORFEITURE ALLEGATIONS

21. Each of the foregoing allegations are incorporated by reference and re-alleged as though fully set forth herein.

22. Pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(1) and 28 U.S.C. § 2461(c), upon conviction of one or more of the offenses alleged in counts 1 through 30 above, Defendants shall forfeit to the United States all right, title, and interest in any and all property, real or personal, involved in such offenses, or in any property traceable to such property involved in such offenses, including the following: (a) all money or other property that was the subject of each transaction or transfer in violation of a statute listed in 18 U.S.C. § 982, (b) all other property constituting proceeds obtained as a result of those violations, and (c) all property used in any manner or part to commit or to facilitate the commission of those violations, including but not limited to the sum of money representing the amount of money involved in the offenses. Some property includes the following:

   a. Real property located at 1725 W. Burnside Trail, Phoenix, Arizona 85085
   b. Contents of PNC Bank business checking accounts XXXXXX2252, XXXXXX2279, and business savings account XXXXXX4623 in the name Xpace World Music Corp
   c. Contents of JPMorgan Chase Bank business accounts XXXXX7351 and XXXXX0180 in the name MuveMusic LLC

    d. 2017 Tesla C 100D, VIN: 5YJXCAE27HF070324

    e. 2014 BMW i8; VIN: WBY2Z2C51EVX64286

23. If any of the above-described forfeitable property, as a result of any act or omission by any Defendant, cannot be located upon the exercise of due diligence, has been transferred, sold to, or deposited with a third party, has been placed beyond the jurisdiction of the court, had been substantially diminished in value, or has been commingled with other property and cannot be divided without difficulty, it is the intent of the United States to seek forfeiture of any other property of that Defendant up to the value of the above-described forfeitable property, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b) and 28 U.S.C. § 2461.

A TRUE BILL

/s
FOREPERSON OF THE GRAND JURY
Date: November 16, 2021

GLENN B. McCORMICK
Acting United States Attorney
District of Arizona


/s
RAYMOND K. WOO
SETH T. GOERTZ
Assistant U.S. Attorneys